UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ADAM MAYHUGH,

   Plaintiff,

   v.                                         Case No. 21-cv-248-SCD

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,[1]

   Defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS OR ALTERNATIVELY FOR SUMMARY JUDGMENT

On February 25, 2021, Adam Mayhugh filed a complaint seeking judicial review of the Commissioner of Social Security's final decision denying Mayhugh's application for Social Security benefits. ECF No. 1. On July 2, 2021, the Commissioner filed a motion to dismiss Mayhugh's complaint as untimely. ECF No. 14. Mayhugh did not respond to the Commissioner's motion, and it is apparent from Mayhugh's complaint that his complaint was untimely. Accordingly, the Commissioner's motion to dismiss will be granted.

Subchapter 205 of the Social Security Act allows for judicial review of the Commissioner's final decision "by a civil action commenced *within sixty days* after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g) (emphasis added). This sixty-day deadline "operates as a statute of limitations," *Loyd v. Sullivan*, 882 F.2d 218, 219 (7th Cir. 1989) (per curiam),

---

[1] Kilolo Kijakazi assumed the position of Acting Commissioner of Social Security in July 2021 and, therefore, should be substituted as the named defendant in this action. *See* Fed. R. Civ. P. 25(d).

and a claimant who fails to comply may be time-barred from judicial review. Federal regulations presume that a claimant receives notice of the Commissioner's final decision five days after the date of the decision, but that presumption can be rebutted upon a "reasonable showing to the contrary." *See* 20 C.F.R. § 422.210(c). A claimant may also seek an extension beyond the sixty-day deadline. *See* 20 C.F.R. § 404.982. And finally, in rare cases, the sixty-day deadline may be subject to equitable tolling. *E.g.*, *Bowen v. City of New York*, 476 U.S. 467, 481 (1986) (finding equitable tolling permissible in cases where "the Government's secretive conduct prevent[ed] plaintiffs from knowing of a violation of rights" before the sixty-day requirement expired).

In the present case, the narrow issue is whether Mayhugh filed his complaint within the sixty-day deadline. He did not. The Commissioner made a final decision on October 14, 2020. ECF No. 1 at 1. Mayhugh has not attempted to rebut the presumption that he received the notice five days later, on October 19, 2020. Thus, to be timely, Mayhugh would have had to file a complaint by December 18, 2020, or seek an extension of that deadline. Mayhugh filed his complaint on February 25, 2021. ECF No. 1. Therefore, Mayhugh's complaint was untimely—it was filed 135 days after the Commissioner's final decision—and Mayhugh's right to judicial review is time-barred. Because Mayhugh did not respond to the Commissioner's motion to dismiss, I cannot discern any possible reason for missing the sixty-day deadline, nor any potential basis for equitable tolling.

Accordingly, Defendant's motion to dismiss or alternatively for summary judgment, ECF No. 14, is **GRANTED**. Mayhugh's complaint and this action are **DISMISSED**. The clerk of court shall enter judgment accordingly.

**SO ORDERED** this 13th day of August, 2021.

_____
STEPHEN C. DRIES
United States Magistrate Judge